**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grupo Altex S.A. de C.V., et al., | No. CV-17-03830-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Gowan Company LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Gowan Company, LLC, Gowan Mexican Holding Company, LLC, and JRJ Partners, LLC's Motion to Dismiss for Lack of Jurisdiction. (Doc. 36). For the following reasons, the Court grants the motion.

**BACKGROUND**

Plaintiff Frexport, S.A. de. C.V. ("Frexport") is a Mexican corporation specializing in the processing of fruits and vegetables. Frexport is an affiliate of Plaintiff Grupo Altex S.A. de. C.V. ("Grupo Altex"), a Mexican agribusiness conglomerate. At issue in this case is Frexport's purchase of strawberries from a non-party Agricola Fresa Gas, S.P.R.L. de R.L. ("Fresa Gas"). In 2016, Frexport bought 600 tons of fresh strawberries from Fresa Gas. Upon receiving product from Fresa Gas, Frexport performed standard testing on the strawberries. This testing revealed that the strawberries contained the chemical Propamocarb, a fungicide which is prohibited by the United States Food and Drug Administration (FDA), Environmental Protection Agency (EPA), and Mexican regulators. Frexport informed Fresa Gas of the contamination and stopped

accepting shipments.

Fresa Gas conducted an internal investigation to determine how Propamocarb contaminated its strawberry crop. Fresa Gas's investigation revealed that the company had not purchased or used any pesticides which contained Propamocarb. Fresa Gas's records did show, however, that the company used the pesticide Bannen 1.8. Plaintiffs' testing of Bannen 1.8 showed that it actually contained Propamocarb. Bannen 1.8's label does not disclose that the product contains Propamocarb.

Defendant Gowan Company, LLC ("Gowan") is an Arizona corporation specializing in crop control products. Defendants Gowan Mexican Holding Company, LLC ("Gowan Holding") and JRJ Partners, LLC ("JRJ") are also Arizona corporations. Non-party Gowan Mexicana, S.A.PI. de C.V. ("Gowan Mexicana) is a Mexican corporation. Plaintiffs allege that Gowan Mexicana is an alter ego of Defendant Gowan. Plaintiffs allege that Gowan manufactures and sells Bannen 1.8 through its alter ego Gowan Mexicana. Plaintiffs claim that Gowan and JRJ control and direct the manufacturing, labeling, packaging, distribution, and sale of all their products in Mexico. After discovering the issues with Bannen 1.8, Plaintiffs met with representatives from Gowan Mexicana. Plaintiffs allege that the Gowan Mexicana representatives informed them that final authority to resolve claims and offer settlements rested with Gowan. Defendants, however, assert that Gowan Mexicana is a separate and independent entity, with its own hierarchy and corporate formalities. Defendants state that Gowan Mexicana is the entity that creates, packages, and owns the trademark registration for Bannen 1.8. Defendants avow that none of them have ultimate authority to resolve any of Plaintiffs' claims.

Plaintiffs filed suit alleging violations of the Lanham Act and Arizona state law claims of strict liability, negligence, and breach of express warranty. Defendants move to dismiss the case for lack of standing, forum non conveniens, failure to join an indispensable party, and failure to state a claim.

///

**DISCUSSION**

**I. Legal Standard**

Standing under Article III of the Constitution is a constitutional limitation on a court's subject matter jurisdiction and cannot be granted by statute. *See Cetacean Cmty. you have v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576–77 (1992)). Because standing is a jurisdictional question, it is properly addressed in a Rule 12(b)(1) motion instead of a Rule 12(b)(6) motion. *Cetacean Cmty.*, 386 F.3d at 1174. A jurisdictional attack may be either facial or factual. With a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack, by contrast, occurs when "the challenger disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "Once the moving part has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

**II. Analysis**

A federal court has standing where the plaintiff has (1) suffered an injury in fact; (2) the injury is "fairly trace[able] to the challenged action of the defendant;" and (3) the injury is redressable. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61(1992). The element of traceability and causation is not met when the plaintiff's injury is "the result of the independent action of some third party not before the court." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 797–99 (9th Cir. 2001) (quoting *Defenders of Wildlife*, 504 U.S. at 560).

In general, "a corporation will be treated as a legal entity until sufficient reason appears to disregard the corporate form." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972). But, a parent corporation can be liable for the acts of its subsidiary when the

subsidiary is an alter ego of the parent and "the individuality or separateness of the subsidiary corporation has ceased." *Keg Restaurants Arizona, Inc. v. Jones*, 375 P.3d 1173, 1180 (Ariz. Ct. App. 2016). A subsidiary is an alter ego of the parent where "(1) the parent company exerts substantially total control over the subsidiary company[y]; and (2) that [ ] honoring the separateness between the parent company and subsidiary compan[y] would sanction a fraud or promote injustice." *Id*. Courts consider a number of nonexclusive factors when determining whether the parent company exerts substantially total control over the subsidiary: (1) "stock ownership of the subsidiary by the parent;" (2) "common officers or directors;" (3) "financing of subsidiary by the parent;" (4) failure of subsidiary to maintain formalities of separate corporate existence;" (5) "similarity of logo;" and (6) "a party's lack of knowledge of subsidiary's separate corporate existence." *Id*.

Plaintiffs allege that Gowan Mexicana is the alter ego of Defendant Gowan. (Doc. 24, ¶ 15). In response to this allegation, Defendants filed exhibits to show that Gowan Mexicana is not the alter ego of Gowan. The pesticide, Bannen 1.8's label uses the Gowan Mexicana name and logo. (Doc. 36, Ex. 3). The Treasurer and Chief Financial Officer of Gowan, Christina Economou, filed a declaration discussing the relationship between the Defendant entities and Gowan Mexicana. *Id*. at Ex. 4. Ms. Economou declares that Gowan and Gowan Mexicana maintain their own employees, payroll, and operations. *Id*. at Ex. 4, ¶¶ 5–13, 27–33. With regards to the specific allegations of this Complaint, Ms. Economou declared that none of the Defendants distribute finished products in Mexico, none of the Defendants ship, sell, manufacture, or distribute Bannen 1.8, none of the Defendants selected the manufacturer of Bannen 1.8, none of the Defendants establishes specifications or quality standards for Bannen 1.8 production, none of the Defendants establish packing or shipping of Bannen 1.8, and none of the Defendants maintain authority to resolve Gowan Mexicana claims nor do they maintain insurance policies covering Gowan Mexicana's actions. *Id*. at Ex. 4, ¶¶ 51–70.

///

Plaintiff's Response to the Motion to Dismiss contains no extrinsic factual evidence to disputes the Defendants' contentions. Plaintiffs rely on their pleadings and assert that they have standing to bring their various claims. But, this is insufficient when faced with a factual attack on standing. After a factual attack is made, the allegations in a plaintiff's complaint are no longer entitled to a presumption of truthfulness. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) ("Under these circumstances [of a factual attack on subject matter jurisdiction], 'no presumptive truthfulness attaches to the plaintiff's allegations.'"). Thus, to defeat the factual attack, the plaintiff must come forward with extrinsic evidence outside of the pleadings to demonstrate at least a dispute of fact regarding subject matter jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121(9th Cir. 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' . . . under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."); *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558–59 (9th Cir. 1987) (holding that where the plaintiff "did not present any evidence outside his pleadings" to establish subject matter jurisdiction and the defendants' "motion to dismiss and supporting evidentiary papers challenged the existence of facts which were alleged to provide subject matter jurisdiction," the district court properly dismissed the claim); *Wolf v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (holding that the plaintiff "was not required to provide evidence outside the pleadings, because the defendants have made a facial rather than a factual attack on subject matter jurisdiction" ); *Norkunas v. Wynn Resort Holdings, LLC*, No. 07-cv-00096-RLH-PAL, 2007 WL 2949569, at *2 (D. Nev. 2007) ("Plaintiffs are therefore required to submit *extrinsic* evidence to conclusively show that this Court has subject matter jurisdiction, or at a minimum, demonstrate that a factual dispute exists.") (emphasis added). In examining how Plaintiffs have standing to

bring each claim, Plaintiffs focus on demonstrating that they have stated a claim. This analysis, however, relies on the assumption that Plaintiffs have sued the proper Defendants. Defendants have put forward facts to attack the proposition that Gowan Mexicana is the alter ego of Defendants. Plaintiffs do not respond to this critical issue. Therefore, Plaintiffs have not met their burden to establish standing. Plaintiffs have not demonstrated that Gowan Mexicana is the alter ego of Defendants, and therefore, Plaintiffs cannot establish that their injury is fairly traceable to the conduct of Defendants.

## CONCLUSION

In order to have standing, the Plaintiffs must sue the proper Defendants. Defendants have made a factual attack on Plaintiffs' claims that the non-party Gowan Mexicana is an alter ego of Defendants. Plaintiffs do not respond to this factual attack, and therefore, do not meet their burden of establishing standing.

**IT IS THEREFORE ORDERED** that Defendants Gowan Company, LLC, Gowan Mexican Holding Company, LLC, and JRJ Partners, LLC's Motion to Dismiss for Lack of Jurisdiction (Doc. 36) is **GRANTED** and the Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim and Request for Attorneys' Fees (Doc. 36) within the same motion are both moot.

Dated this 14th day of September, 2018.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge